[No. 7729–2–III.   Division Three.   October 29, 1987.]

TEDVEST AGRINOMICS VI, *Respondent,* v. TEDMON PROPERTIES V, ET AL, *Appellants.*

*Jeffrey Tilden* and *Perkins, Coie, Stone, Olsen & Williams,* for appellants.

*David Putney,* for respondent.

GREEN, J.—Tedmon Properties V (Tedmon V) is a lim-

ited partnership in which John Tedmon and David Parry were general partners. Tedvest Agrinomics VI (Tedvest VI) is a limited partnership in which Mr. Tedmon and Mr. Parry were general partners, along with Karen Skold and Patrick Lawlar. Both of these limited partnerships owned and operated apple orchards.

In the spring of 1981, Tedmon V purchased 142 acres of apple orchards on contract. On January 5, 1982, the remaining balance of $305,000 became due and payable. Unable to secure financing from other sources, Mr. Parry arranged two loans for Tedmon V, one of them for $120,000 from Tedvest VI. A promissory note was signed by Mr. Parry on behalf of Tedmon V in exchange for a $120,000 check from Tedvest VI. This check was signed by Mr. Parry, and the funds were used for the benefit of Tedmon V to reduce the balance owing on its purchase contract. During March 1982 Mr. Tedmon was removed as general partner of Tedmon V and Tedvest VI as a result of a Washington State Securities Department Consent Decree. Between May and August, Tedmon V paid $87,000 to Tedvest VI on the promissory note. In December Mr. Parry was removed as a general partner of Tedmon V and replaced by George Brown. Thereafter, Tedmon V, renamed Zillah Apple Partners, refused to make any further payments to Tedvest VI on the promissory note.

On January 25, 1985, Tedvest VI commenced this action against Tedmon V and Mr. Brown to recover the balance owing on the note. Tedmon V and Mr. Brown defended claiming Mr. Parry, a fiduciary, had no authority to loan the money and the transaction was therefore illegal and unenforceable. The trial court rejected this defense and entered judgment in favor of Tedvest VI for $61,294.38 consisting of principal, interest, attorney fees and costs. The court determined that neither Mr. Tedmon nor Mr. Parry committed a tortious act. Tedmon V and Mr. Brown appeal. We affirm.

No statute or law prohibits a limited partnership from loaning money to another limited partnership for a legiti-

mate purpose—here, to purchase property. Nor has a statute been cited declaring such transaction illegal. Nevertheless, Tedmon V asserts the promissory note is illegal based on public policy considerations because Mr. Parry and Mr. Tedmon breached their fiduciary duties by loaning the money in violation of the Tedvest VI partnership agreement:

Section 6.01 . . .

. . .

(c) Restrictions on Authority of General Partners. In addition to other acts expressly prohibited or restricted by this Agreement or by law, the General Partners shall have no authority to act on behalf of the partnership and are expressly prohibited from the following:

. . .

(vi) . . . (c) making loans to other persons or entities . . .

Tedmon V also relies on Restatement (Second) of Contracts § 193 (1981): "A promise by a fiduciary to violate his fiduciary duty or a promise that tends to induce such a violation is unenforceable on grounds of public policy." Comment *a* to section 193 states:

*a.* Scope. A fiduciary is expected to refrain from acting for his private advantage or otherwise contrary to the interests of his beneficiary or principal in matters affecting the fiduciary relation, and he is liable in tort for breach of his duty. . . . A promise by a fiduciary to violate his duty as a fiduciary is unenforceable on grounds of public policy, as is a promise that tends to induce such a violation. *In an exceptional case, however, a court may conclude that the interests of third parties require enforcement. See Illustration 18 to § 178.* Directors and other officials of a corporation act in a fiduciary capacity and are subject to the rule stated in this Section. The rule applies by analogy to shareholders with reference to their voting powers, although it does not preclude agreements where the only advantage bargained for is one that will accrue to all shareholders through the ownership of shares. . . . *If there has been effective consent by the beneficiary or principal so that no violation of a fiduciary duty is involved, the rule stated in this Section does not apply.* In determining whether consent is effective,

such matters as capacity to contract and undue influence are taken into account.

(Italics ours.)

■ At first glance it appears that the contention of Mr. Brown and Tedmon V may have merit. However, when the comment to Restatement (Second) of Contracts § 193 is considered, the general rule of that section does not apply here for at least two reasons. (1) There is no allegation or evidence Mr. Parry or Mr. Tedmon participated in the issuance and execution of the promissory note for their own advantage or to defraud Tedvest VI, or for that matter Tedmon V; (2) it is clear from the filing of this action to enforce this note that Tedvest VI has ratified Messrs. Parry and Tedmon's actions regarding the note. In view of this ratification, there was no breach of fiduciary duties under the limited partnership agreement. Thus, the claim of illegality must fail.[1]

■ Even if the promissory note was illegal, Tedvest VI is entitled to recover here. It is true that generally courts will not enforce agreements which are illegal and contrary to public policy, *Golberg v. Sanglier,* 96 Wn.2d 874, 879, 639 P.2d 1347, 647 P.2d 489 (1982), and will leave the parties where it finds them. *Golberg,* at 879; *Dodd v. Gregory,* 34 Wn. App. 638, 642, 663 P.2d 161, *review denied,* 100 Wn.2d 1007 (1983); *Red Devil Fireworks Co. v. Siddle,* 32 Wn. App. 521, 526, 648 P.2d 468 (1982). However, there are exceptions to this rule based on equitable principles. *Red Devil,* at 526. For example, illustration 18 to Restatement (Second) of Contracts § 178 (referred to in the above quoted comment to Restatement (Second) of Contracts § 193):

A, a trustee under a will, makes an agreement with B in violation of A's fiduciary duty. If enforcement of A's and B's promises is desirable for the protection of the

---

[1]If this were a situation where the loan transaction had not been executed and the parties were seeking enforcement, then the contention of illegality might be meritorious. That is not the situation here.

beneficiaries, it is not precluded on grounds of public policy.

Here, the limitation on the general partners contained in section 6.01 of the partnership agreement was written for the benefit and protection of the limited partners. It would be inequitable to preclude the Tedvest VI limited partners recovery on the note for breach of a provision which was drafted for their benefit. The protection of these limited partners would not be furthered by denying Tedvest VI recovery and allowing Tedmon V to be unjustly enriched. Enforcement of the note in these circumstances does not violate public policy.

For these reasons, we affirm the trial court and hold the promissory note is legal and enforceable.

MCINTURFF, C.J., and THOMPSON, J., concur.